**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | CASE NO. 21-20848-JRS |
| **CASTLEROCK DEVELOPMENT SERVICES, LLC,** | CHAPTER 11 |
| Debtor. | |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Castlerock Development Services, LLC (the "**Debtor**") files this Motion for Authority to Use Cash Collateral (this "**Cash Collateral Motion**"), for the entry and approval of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor's use of cash collateral on an emergency basis to continue its operations in accordance with the proposed budget attached hereto as **Exhibit A** (the "**Budget**") and the Proposed Interim Order (as defined below) attached as **Exhibit B**, respectfully showing the Court as follows:

### BACKGROUND

1.      The principal of the Debtor, Jody Lewis, (the "**Principal**") founded the Debtor in 2018. The Debtor provides land development and erosion control services as well as related construction site maintenance work. This includes grading, grubbing, utility installation, detention pond clean-outs, and concrete work.

2.      Like so many other small businesses, the Debtor suffered a series of setbacks due to the Covid-19 pandemic. Many employees were forced to quarantine due to infection and many job sites were closed down. Most significantly, the Debtor's Principal was forced to quarantine for an extended period of time due to the pandemic. Without Mr. Lewis's guidance or supervision at

various job sites, previously effective cost controls were unheeded and, as a result, significant expenses accumulated against the Debtor.

3.      Mr. Lewis was eventually able to return to working in-person. However, the damage to the Debtor's finances had already been wrought. The Debtor attempted to pay down the significant debt accumulated in 2020, but this only lead to significant new debt accruing in 2021.

4.      By not making payments on its current obligations, many of the vendors that the Debtor relied on revised their terms of payment to "cash-on-delivery" ("**COD**"). Although seemingly inevitable, the vendors' switch to COD forced a cash flow crunch. The cash crunch caused the Debtor to default on a previously negotiated consent agreement which thereby triggered a freeze of the Debtor's bank accounts. This proved to be the final straw that forced the Debtor's decision to file chapter 11.

5.      On August 4, 2021 (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in this case.

6.      By filing for chapter 11, the Debtor hopes to obtain a breathing spell to build its cash balances back up, re-institute its pre-2020 business practices, and reorganize.

7.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtor consents to the entry of final orders and judgments by the Bankruptcy Court.

### PRE-PETITION FINANCING

8.      The Debtor is a borrower on various loans with John Deere Construction and Forestry Company, Cowin Equipment Company, Inc., GM Financial, and Wells Fargo Bank, N.A. (the "**Lenders**"), which assert security interests in certain of the Debtor's assets.

9.      The Debtor is the borrower under two finance agreements with GM Financial with approximately $115,814.18 owed as of the Petition Date. The two finance agreements with GM Financial pertain to two trucks, a 2021 Chevrolet Silverado 3500HD and a 2021 Chevrolet Silverado 1500, utilized by the Debtor.

10.     In addition, Cowin Equipment Company, Inc. ("**Cowin**") filed UCC Financing Statements 069-2020-002070, 069-2020-002071, 069-2020-002072, 069-2020-002073, and 069-2020-002074 related to equipment financing on September 30, 2020. The Debtor is no longer in possession of the equipment that Cowin claims a security interest in. Accordingly, the Debtor contends that Cowin is not a secured party.

11.     The Debtor is also a borrower on a loan from John Deere Construction and Forestry Company ("**John Deere**") which was used to finance certain equipment, with an approximate amount owed as of the Petition Date of $20,844.20. John Deere filed UCC Financing Statement 002-2019-006456 on October 7, 2019 listing the Debtor as the debtor and the collateral as a Finn T120 Seeder.

12.     Similarly, the Debtor is a borrower on a finance agreement with Wells Fargo Bank, N.A. ("**Wells Fargo**") with an approximate amount owed of $40,941.08. Wells Fargo filed UCC Financing Statement 038-2020-096386 on December 28, 2020 listing the Debtor as the debtor and the collateral as multiple specific pieces of equipment.

13.     Certain revenue from the Business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**"). The Debtor believes that the Lenders may assert an interest in the Cash Collateral, however, at this time, the Debtor does not believe that the Lenders have an interest in Cash Collateral.

### RELIEF REQUESTED

14.     By this Cash Collateral Motion, the Debtor seeks interim and final authorization to use Cash Collateral. The Debtor proposes to use Cash Collateral for general operational and administrative expenses as set forth in the Budget. The expenses incurred by the Debtor and for which Cash Collateral will be used will all be incurred in the normal and ordinary course of operating the Business. A proposed *Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Proposed Interim Order**") is attached hereto as **Exhibit B**.

15.     Bankruptcy Code Section 363(c)(2) provides that a debtor-in-possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the Court approves the use, conditioned on provision of adequate protection. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

16.     The Debtor requests authority to use Cash Collateral for the purpose of avoiding immediate and irreparable harm to the estate. The authority to continue using Cash Collateral should continue until the Court rules on the Debtor's request following a final hearing.

17.     The Debtor recognizes that the Lenders may be entitled to adequate protection of its interest in Cash Collateral (if any) within the meaning of 11 U.S.C. §§ 361 and 363.  To the extent that any interest that the Lenders may have in the Cash Collateral is diminished, the Debtor proposes to grant the Lenders replacement liens in post-petition collateral of the same kind, extent, and priority as the liens existing pre-petition (the "**Adequate Protection Liens**"), except that the Adequate Protection Liens will not extend to the proceeds of any avoidance actions received by the Debtor or the estate pursuant to chapter 5 of the Bankruptcy Code. Hence, the Lenders' interests in the Debtor's Cash Collateral, to the extent they have any, are adequately protected.

18.     The Debtor further requests that the Court schedule a final hearing on Cash Collateral use, and following such hearing, enter a final order authorizing Cash Collateral use.  At that hearing, the Court may consider any additional adequate protection requested by the Lenders or agreed upon by the Debtor.

19.     If the Debtor is not allowed to use Cash Collateral, the Business would be forced to shut down without an orderly process, which will diminish the value of its assets and cause significant job losses. The Debtor requires the use of Cash Collateral to protect and preserve its going concern value.

20.     Notwithstanding anything contained herein, the Debtor reserves the right to dispute the Lenders' secured status and the extent to which its claims may be secured, if at all, and the extent of any adequate protection liens granted in any interim order or final order on this Cash Collateral Motion.

**BASIS FOR RELIEF**

21.     Section 363(c)(2) of the Bankruptcy Code authorizes a debtor to use cash collateral if either (a) each entity with an interest in the cash collateral consents, or (b) the Court, after notice and a hearing, authorizes such use. 11 U.S.C. § 363(c)(2).

22.     Section 363(e) of the Bankruptcy Code conditions such use on the provision of "adequate protection" of the secured parties' interests. 11 U.S.C. § 363(e).  The Bankruptcy Code does not explicitly define "adequate protection," but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property.  11 U.S.C. § 361. What constitutes adequate protection must be evaluated on a case-by-case basis.  *In re Swedeland Dev. Group Inc*., 16 F.3d 552, 564 (3rd Cir. 1994) (*citing In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. l987)); *In re Martin*, 761 F.2d 472, 476 (8th Cir. 1985).

23.     The Bankruptcy Code expressly provides that "granting a replacement lien is a means of adequate protection."  11 U.S.C. § 361(2).  Granting replacement liens provides ample adequate protection of the secured creditor's interest in cash collateral.  *See e.g. In re O'Connor*, 808 F.2d at 1393; *In re Dixie-Shamrock Oil & Gas. Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

24.     The Debtor's requested use of Cash Collateral as set forth in the Budget and the protections proposed to be afforded to the Lenders in the Proposed Interim Order, in light of the circumstances, are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the Lenders' collateral.  For all of the reasons stated above, approval of the Cash Collateral Motion is proper.

## CONCLUSION

**WHEREFORE**, The Debtor prays that this Court (i) grant it authority to use Cash Collateral, (ii) grant the Adequate Protection Liens to the Lenders, (iii) set the Cash Collateral Motion for a final hearing, and (iv) grant such other relief as is just and proper.

Dated: August 5, 2021            **ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Proposed Attorneys for Debtor*

## **Exhibit A**

**13-Week Budget**

**[To be supplemented]**

**Exhibit B**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | **CASE NO. 21-20848-JRS** |
| **CASTLEROCK DEVELOPMENT SERVICES, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court on _____ ____, 2021, for hearing (the "**Preliminary Hearing**") on the Motion of Castlerock Development Services, LLC (the "**Debtor**") for Authority to Use Cash Collateral (the "**Cash Collateral Motion**").[1]  Upon consideration of the

---

[1]   All capitalized terms not defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

Cash Collateral Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on August 5, 2021 (the "**Petition Date**").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of the Business in this case.

B. This Court has jurisdiction over the Cash Collateral Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. The Debtor is a borrower on various loans with John Deere Construction and Forestry Company, Cowin Equipment Company, Inc., GM Financial, and Wells Fargo Bank, N.A. (the "**Lenders**"), which assert security interests in certain of the Debtor's assets. The Debtor is the borrower under two finance agreements with GM Financial with approximately $115,814.18 owed as of the Petition Date.  In addition, the Debtor is a borrower under a finance agreement from Cowin Equipment Company, Inc., but the Debtor no longer possesses the underlying financed equipment. The Debtor is also a borrower on a loan from John Deere Construction and Forestry Company which was used to finance certain equipment, with an approximate amount owed as of the Petition Date of $20,844.20. Similarly, the Debtor is a borrower on a finance agreement with Wells Fargo Bank, N.A. with an approximate amount owed of $40,941.08, which was also used to finance certain equipment.

D.  The revenue from the Business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**"). The Debtor believes that the Lenders may assert an interest in the Cash Collateral, however, at this time, the Debtor does not believe that the Lenders have an interest in Cash Collateral.

E.  The Debtor asserts that it generates substantially all of its revenue from the operation of the Business.

F.  The Debtor asserts that it has provided actual notice of the Cash Collateral Motion and the relief requested therein to the Lenders, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G.  The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations of the Business. A schedule of the Debtor's revenues and cash requirements for the 13 weeks following the Petition Date is set forth in the budget (the "**Budget**") attached to the Cash Collateral Motion as **Exhibit A**.

H.  The Debtor alleges that to continue its operations and to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

I.  Good cause has been shown for the entry of this Order and authorization for Debtor to use cash collateral pending the final hearing on the Cash Collateral Motion pursuant to Bankruptcy Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize the disruption of the Business, will increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1.      The Cash Collateral Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2.      The Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the final hearing on the Cash Collateral Motion (the "**Interim Period**").  The Interim Period may be extended by further order of the Court.

3.      In order to provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, the Lenders and any other secured creditor, to the extent they hold valid liens, security interests, or rights of setoff as of the Petition Date under applicable law, are hereby granted valid and properly-perfected liens (the "**Adequate Protection Liens**") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as each party's respective pre-petition collateral, to the extent of any diminution in the value of the Cash Collateral, except that no such replacement liens shall attach to the proceeds of any avoidance actions under chapter 5 of the Bankruptcy Code.  The Adequate Protection Liens shall be deemed automatically valid and perfected upon entry of this Order.

4.      Nothing herein shall be construed as a finding or conclusion that the Lenders or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

5.      This Order is entered without prejudice to the rights of either the Lenders or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

6.      **The Court shall hold a final hearing on the Cash Collateral Motion on _____ at __ a.m./p.m. in Courtroom ___, _____. The**

instant Order shall remain valid until such hearing, or any continuation thereof, has been held and

a ruling entered.


### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
Benjamin R. Keck, Ga. Bar No. 943504
William A. Rountree, Ga. Bar No. 616503
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Proposed Attorneys for Debtor*


**Distribution List**

William A. Rountree
Benjamin R. Keck
ROUNTREE LEITMAN & KLEIN, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Attn: David S. Weidenbaum
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303